WM. A. WHITE & SONS, Respondent, *v.* ELIAS M. LOEW, Appellant

First Department, December 8, 1953.

*John E. Higgiston, Jr.,* of counsel (*Newman & Bisco,* attorneys), for appellant.

*Clarence S. Barasch* of counsel (*Alexander Pfeiffer* with him on the brief; *Pfeiffer & Crames,* attorneys), for respondent.

*Per Curiam.* In this action for a brokerage commission, defendant has been denied interpleader of another broker making claim to a share of the commission, upon the ground that the two brokerage claims are not " for the same debt " within the meaning of section 287 of the Civil Practice Act.

The situation presented is an unusual one and not clear because of the equivocal statement of the second broker's claim. We think, however, that the claim, such as it may be, should be included in the pending litigation.

It appears from the complaint and affidavits on the motion for interpleader that plaintiff's claim is based upon the lease of certain property to one Cohen and his associates. As the second broker, Hoffman, describes his position in the matter, his services were enlisted by plaintiff and accepted by defendant as a co-broker. He then states that he produced a person, one Schleifer, who accepted defendant's proposal for a lease of the property. The affidavit of the broker Hoffman then continues as follows:

" Thereafter, a deal was actually closed without the knowledge of my company on the basis of the lease with option to buy, as agreed to between the defendant and our customer, Louis Schleifer, except in one respect, and that is that such deal was closed with certain people who were to be partners of Mr. Schleifer and both Mr. Schleifer and my company were frozen out of the deal.

" On the basis of the foregoing, my company is entitled to one-half of any commission payable. Because of the peculiar facts herein, it may be that the court will eventually determine that our claim is against the plaintiff, rather than against the defendant."

It is argued against interpleader that the claim thus asserted is in alternatives, either against plaintiff for a share of the brokerage in the transaction which plaintiff closed with the defendant or is against defendant on an entirely different transaction, and that in either event the two brokerage claims are not on the same debt or inconsistent. If the claim be for a share in the commission earned by plaintiff, it is pointed out that defendant will be fully protected by payment to plaintiff (*Jenkins* v. *Mahoney*, 142 App. Div. 653), while if the claim is based upon a negotiation with Schleifer instead of with Cohen, it is urged that the two brokerage claims are independent and defendant is not entitled to have them joined in one action.

At first blush this argument seems persuasive, but upon close analysis it is not realistic. Just what the facts are or how they may develop is not clear, but it is to be noted that the Hoffman claim is not for a separate commission on a deal unconnected with that upon which plaintiff sues. The claim is for half of plaintiff's commission on the contention that they were joint brokers and that the person produced by Hoffman as a lessee was supposed to be a partner of the persons who leased the

property. That there was some working arrangement between plaintiff and Hoffman is conceded by plaintiff. The affidavit in behalf of plaintiff on this motion acknowledges that plaintiff and Hoffman together negotiated with Schleifer. While plaintiff maintains that the Schleifer negotiations collapsed and neither Schleifer nor Hoffman had any interest in the subsequently concluded negotiations with Cohen, plaintiff's affidavit still takes note of Hoffman's claim that even Cohen was introduced to plaintiff by Hoffman. This claim is vigorously denied by plaintiff. The denials of Hoffman's claims, however, only sharpen the issue drawn as to what, if anything, Hoffman had to do with the negotiation and consummation of a lease of defendant's property and whether Hoffman earned any share in the commission to be paid.

While it might well be true that defendant would be protected against Hoffman's claim by payment to plaintiff, defendant is contesting plaintiff's claim as well as Hoffman's claim. He should not be required to pay plaintiff in order to buy his peace from Hoffman. Section 287 of the Civil Practice Act should be liberally construed to bring into a single suit connected and conflicting claims of opposing brokers. It sufficiently appears here that the claims are connected to warrant granting the motion for interpleader.

The order appealed from should be reversed and the motion granted, with costs to appellant. Settle order on notice.

PECK, P. J., DORE, COHN, CALLAHAN and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice.